UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:24-CR-00053-1-DCLC-CRW |
| | ) | |
| LEIGHTON JOSEPH WOOD | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Leighton Joseph Wood's Pro Se Motion for Permission to Travel while on Home Detention [Doc. 48] and the United States's Response in Opposition [Doc. 49]. Late last year, Mr. Wood pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343. [Plea Agreement, Doc. 2, at 1]. With a criminal history category of I and a total offense level of 18, he had an advisory guidelines range 27 to 33 months' imprisonment. [Statement of Reasons, Doc. 46, at 1]. The Court sentenced him to a below-guidelines sentence of time served and to a three-year term of supervised release. [J., Doc. 45, at 2–3].

As a special condition of his supervision, the Court ordered his placement on home detention:

> You shall be placed on home detention for a period of 10 months to commence within 30 days of the date of this judgment or upon your release from incarceration. During this time, you shall remain at your place of residence except for employment and other activities approved in advance by the probation officer. You shall maintain a telephone at your place of residence without any 'call forwarding,' 'Caller ID,' 'call waiting,' modems, answering machines, cordless telephones or other special services for the above period. You shall wear an electronic device and shall observe the rules specified by the Probation Department. You shall pay for this service.

[*Id.* at 5]. Also, as a standard condition of supervision, he may not travel outside the Eastern District of Tennessee without the Court's or his probation officer's permission. [*Id.* at 3].

Mr. Wood now moves the Court for permission to travel outside this district to Myrtle Beach for three days so that he can "visit his elderly grandparents," "maintain[] family ties and provid[e] emotional support," and indulge his four children's "strong desire to visit their grandparents." [Def.'s Mot. at 1]. The United States, however, opposes his motion, contending that it is "a requested junket" at "the luxury beachfront condominium of relatives" and that Mr. Wood "states nothing about why [he] has to be present for the trip and fails to offer any facts about why his wife and children cannot visit the children's grandparents without him." [United States's Resp. at 2]. According to the United States, the Court's accommodation of his request would undermine home detention's punitive purpose and the need to promote respect for the law and provide just punishment under 18 U.S.C. § 3553(a)(2)(A).

The Court, "as it sees fit, may modify an individual's conditions of supervised release," *United States v. Johnson*, 529 U.S. 53, 60 (2000) (citing 18 U.S.C. § 3583(e)(2)), after it has considered the relevant factors under 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e)(2) (granting district courts discretion to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" but only "after considering "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). In addressing a motion for modification of conditions of supervised release, the Court "must demonstrate consideration of the relevant factors" under § 3553(a), "even if [it] does not describe its analysis of each factor." *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *6 (6th Cir. Dec. 21, 2022) (citations omitted). A general statement that the Court has considered the relevant factors is sufficient. *Cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the contention that a district court, when denying a request for early termination of supervised release, has to provide more than a general statement of its

2

Case 2:24-cr-00053-DCLC-CRW   Document 50   Filed 05/12/25   Page 2 of 4   PageID #: 859

reasons under § 3553(a)'s factors); *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient." (quotation omitted)).

Having considered the relevant factors under § 3553(a), the Court rejects Mr. Wood's request to suspend his special condition of home detention, and his standard condition of non-travel outside the district. Home detention is "a substitute for imprisonment," USSG § 5F1.2, and its purpose is "to be sufficiently punitive," *id.* § 5F1.2 cmt. n.2. Although Mr. Wood states that his grandparents are "elderly," he does not describe them as ill or terminally ill. He offers the Court no information to suggest that this same opportunity to visit his grandparents will be unavailable to him later this year when his period of home detention expires, or next year when he will be eligible for early termination of his supervision. The Court therefore agrees with the United States's argument that the suspension of Mr. Wood's home detention, for any period of time under the circumstances that he describes to the Court, would erode the penal purpose of home detention.

In addition, Mr. Wood's criminal offense—wire fraud—is unquestionably serious in nature. *See Braswell v. United States*, 487 U.S. 99, 115 (1988) (referring to white-collar crime as "one of the most serious problems confronting law enforcement authorities" (footnote omitted)). He also received a favorable outcome at sentencing. The Court had the discretion to sentence him at the top of the guidelines range—33 months—or higher. Instead, it afforded him the benefit of a variance and sentenced him to a non-custodial sentence. The suspension of his home detention, for the reasons that he identifies, therefore would not reflect the seriousness of his offense and conduct, promote respect for the law, or provide just punishment. In sum,

3

§ 3553(a)'s factors militate against modification of his terms of supervision, and his Pro Se Motion for Permission to Travel while on Home Detention [Doc. 48] is **DENIED**.

**SO ORDERED:**

s/Clifton L. Corker  
United States District Judge